# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL DURLAND, | ) | CASE NO. 7:12CV00317 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| C. ZYCH, WARDEN, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Daniel Durland, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he has not received jail credit for time he served in federal custody before his federal sentencing. Respondent has filed a motion to dismiss, and Durland has responded, making the matter ripe for consideration. Upon review of the record, the court grants the motion to dismiss.

**I**

Records submitted by the respondent with the motion to dismiss and online court records offer the following sequence of events related to the calculation of Durland's term of confinement. On June 26, 2008, Durland was arrested by state authorities in San Diego County, California, for state charges of parole violation, residential burglary, dissuading a witness by force or threat, bribery of a witness, possession of a firearm by a felon, being a prohibited person in possession of ammunition or a firearm, and possession of drug paraphernalia. The circumstances of this arrest ultimately resulted in a federal indictment in the United States District Court for the Southern District of California, charging Durland with being a felon in possession of a firearm.[1]

---

[1] See United States v. Durland, Case No. 08cr4407-H (S. D. Cal. 2009) ("Cal. Case").

The State of California revoked Durland's parole and required him to serve a 12-month parole revocation term, on which he received custody credit from June 26, 2008 until June 26, 2009. On January 12, 2009, while serving the state parole revocation term, Durland was served with the federal arrest warrant[2] and was transferred temporarily to the physical custody of federal authorities under a federal writ of habeas corpus ad prosequendum for trial and sentencing on the federal charge. Durland completed service of the state parole revocation term on June 26, 2009, while still on the federal writ. On December 8, 2009, the federal court sentenced Durland to an 86-month term of imprisonment for being a felon in possession of a firearm. A few days later, Durland was returned to state authorities on December 11, 2009. Because his parole revocation term had been satisfied on June 26, 2009, however, the state parole hold was dropped, and he was released to federal custody in care of the U.S. Marshals Service ("USMS").

The Federal Bureau of Prisons ("BOP") prepared a sentence computation for Durland, based on an 86-month term of confinement beginning December 8, 2009, the date his federal sentence was imposed. The BOP granted Durland prior custody credit for the time served from June 27, 2009, through December 7, 2009. Based on this calculation, Durland is currently scheduled to be released from BOP custody, via good conduct time release, on October 18, 2015.

Durland is currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee County"). In his § 2241 petition, Durland claims that he is entitled to 327 days of additional prior custody credit against his federal sentence for time served between his June 26, 2008 arrest and May 18, 2009, the date when he was originally scheduled for sentencing. In support of this claim, Durland points to the first page of the federal presentence investigation report ("PSR"), which states under "Custody Status": "in continuous federal custody since date

---

[2] The federal arrest warrant indicates that it was executed by United States Marshals Service against Durland on January 12, 2009, at the San Diego Central Jail. Cal. Case, ECF No. 10.

of arrest; 327 days served as of 05/18/09." 2255 Mot., Exh. A. (ECF No. 1-1, at 2.) Durland asserts that he was in federal custody from the time of his arrest onward and, for that reason, he could not have received credit against any state sentence for that time.

## II

The district court is without jurisdiction to grant an inmate any certain amount of credit against his criminal sentence for jail time served before sentencing. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). The United States Attorney General, through the BOP, is responsible for calculating the inmate's term of confinement, including the appropriate credit to be given for jail time served before sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992) (interpreting 18 U.S.C. 3585(b)). BOP regulations include detailed procedures and guidelines for calculating appropriate credit each prisoner must receive for jail time served. Id. at 335. An inmate may seek administrative review of the computation of his prior custody credit, and after exhaustion of such administrative remedies, he may also seek judicial review of the computation by filing a § 2241 petition.[3] Id.

Under this authority, the court finds no merit to Durland's assertion that the statement in his PSR proves when he was taken into federal custody or when he began serving his federal sentence. Even if the California district court adopted all findings in the PSR at sentencing, that court had no jurisdiction to make a finding as to when Durland began to serve his federal sentence or to direct that Durland receive 327 days of credit against his federal sentence. Miller,

---

[3] Respondent Christopher Zych is the warden of USP Lee County, where Durland was incarcerated at the time he filed his § 2241 petition. Because USP Lee County is located within the jurisdiction of this court, see 28 U.S.C. § 127(b), the court has jurisdiction over Zych, and Durland's petition is properly before the court. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (finding that § 2241 petitioner seeking judicial review of the execution of his sentence "should name his warden as respondent and file the petition in the district of confinement") (quoting Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)). Respondent does not contest Durland's evidence that he exhausted administrative remedies before filing his § 2241 petition.

3

871 F.2d at 489-90. Thus, the statement in the PSR regarding federal custody and jail time served has no bearing on the BOP's proper calculation of Durland's term of confinement. Moreover, other evidence in the record indicates that the PSR statement is not accurate.

To calculate what periods of prison time served must be credited against Durland's federal prison sentence, the court must determine what his penal obligations were to California and what sentence credit he has already received.

> A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over that defendant, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992)). This rule "derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities" and does not "transform[ ] a state prisoner into a federal prisoner") (citations omitted). Id. Thus, while a state inmate is on loan to federal authorities under a writ, state authorities retain primary custody over him, and he continues to serve his state prison obligation. His official detention on later federal charges begins only after he completes the state sentence, and state authorities relinquish primary custody.

Sentence credit for a state inmate with later federal charges is governed by 18 U.S.C. § 3585(b). This section provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Thus, Durland is entitled to credit against his federal sentence only for jail time served that was not credited against his California state prison sentence.

Durland has failed to prove his claim that he received inadequate presentence custody time credited against his federal term of confinement. The record evidence establishes that California state authorities arrested Durland on June 26, 2008, on state criminal charges, including a charge that he had violated his state parole conditions.[4] Thus, the state had primary jurisdiction over Durland, which it retained even after federal authorities "borrowed" Durland under the federal writ of habeas corpus ad prosequendum for court proceedings on the federal charge. Evans, 159 F.3d at 912. Evidence also establishes that state authorities revoked Durland's parole, imposed a one-year prison term, and ultimately deemed that obligation satisfied by the jail time Durland served between June 26, 2008, and June 26, 2009.[5]

Because Durland received state sentence credit for this period of time, he could not also receive federal sentence credit for this time period. § 3585(b). Once state officials relinquished primary custody over Durland to federal authorities, effective June 27, 2009, the time he served

---

[4] Durland alleges that federal authorities arrested him on June 26, 2008, and because he was in federal custody from the time of his arrest, he could not have received credit against the state parole revocation sentence for any of that time served. The California court records clearly indicate, however, that Durland was in state custody at the time the federal indictment and arrest warrant issued. Moreover, for reasons already discussed, the PSR statement about federal custody on which Durland relies has no evidentiary value regarding his custody status for sentence calculation purposes.

[5] In his response to the motion to dismiss, Durland states that "respondent relies on the hypothetical time credit for a parole revocation proceeding that never happened. There is no record, nor judgment of a court finding that Durland was sentenced to a term of imprisonment for a parole violation." (ECF No. 8, at 1.) Although a thorough response to Durland's claim might have included documentation of Durland's parole proceedings and state sentence calculations, the court finds the submitted records sufficient to support the motion to dismiss. Respondent presents a California prison record indicating that Durland's state parole was revoked, that he received a 12-month prison term against which he was credited time served between June 27, 2008, and June 27, 2009, and that California authorities released him to the custody of the USMS on January 6, 2010, after discovering that his state obligations had been fulfilled in June 2009. (ECF No. 6-3, at 2.) Durland's submissions in this case indicate his awareness that his state parole had been revoked (ECF No. 1-2, at 4.), and the nature in which the parole revocation was accomplished is not relevant to the sentence calculation question before the court here. Moreover, Durland offers no documentation suggesting that his parole revocation, state prison term, and state sentence calculation differed in any respect from the sequence outlined by respondent's documentation. Accordingly, the court finds that Durland has not met his evidentiary burden of proof as to his sentence calculation claim. See Garlotte v. Fordice, 515 U.S. 39, 46 (1995).

thereafter has been properly credited against his federal sentence.  Id.  For the reasons stated, the court will grant the motion to dismiss.  An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER:  This 3rd day of April, 2013.

       */s/   Glen E. Conrad*
       Chief United States District Judge